USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 3, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW QYORK
------------------------------------------------------------x
SCOTLINE INC.,                                          :
                                                        :
              Plaintiff,                       :
                                                        :       08 Civ. 4764 (PAC)
   -against-                                            :
                                                        :       ORDER
JAPONICA ENTERPRISES CO. and                            :
SECOND-STRAND LTD.,                                     :
                                                        :
              Defendants.                      :
------------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

Pursuant to Rule E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rules"), non-party Hogla Trading Limited ("Hogla") moves to vacate the attachment of two separate wire transfers it attempted to make to another non-party, OOO Vtoroi Bereg ("VB").[1] Plaintiff Scotline Inc. ("Scotline") seeks to maintain the attachments on the grounds that the wire transfers between Hogla and VB mentioned the name of the ship, Strange Attractor 1, which is at the heart of the dispute between Scotline and the named Defendants, Japonica Enterprises Co. ("Japonica") and Second-Strand Ltd. ("Second-Strand").

During the course of the dispute between the named parties, the Strange Attractor 1 was sold. The Order of Attachment issued on May 22, 2008 allowed for the attachment of funds belonging to the named Defendants, as well as proceeds from the sale of the ship. Scotline contends that the attached wire transfers from Hogla to VB represent clandestine payments relating to the sale. Hogla, meanwhile, claims that the payments relate solely to its bunkering of

---

[1] The wire transfers, for $568,414 and $40,966, respectively, were restrained by Citibank N.A. on July 3, 2008.

1

the Strange Attractor 1.  At the Court's request, Hogla submitted an un-redacted copy of the agreement between Hogla and VB that supports its position.

Supplemental Rule B, which governs the issuance of ex parte orders of maritime attachment, "limits the scope of an attachment to a defendant who is named in a verified complaint…." T&O Shipping Ltd. v. Source Link Co. Ltd., No. 06 Civ. 7724 (KMK), 2006 WL 3513638, at *4 (S.D.N.Y. Dec. 5, 2006).  "Orders of attachment are not blank checks by which a maritime plaintiff can attach the funds of entities that are not named as defendants…." Id. at *6.  Hogla is not named as a defendant in Scotline's Complaint, nor is it named in the Order of Attachment.  Since receiving an e-mail from Hogla's counsel on February 13, 2009, Scotline has been on notice that Hogla disputes the attachment of the funds.  Scotline could have sought to amend the Complaint or the Order of Attachment to name Hogla.  It chose not to.  In these circumstances, there is no sufficient reason to permit the continued attachment of funds belonging to a non-party to the dispute.

Scotline nonetheless presents the Court with "facts"—really just assertions resulting from research undertaken in connection with its opposition to Hogla's present motion—that it claims demonstrate a relationship between Hogla and the named Defendants.  On these "facts," it claims entitlement to the attached funds.  Yet Scotline "cites no authority for the proposition that property of a non-party to an action may be attached on the bare assertion that this property in fact belongs to a party to the action." DS Bulk PTE Ltd. v. Calder Seacarrier Corp., No. 05 Civ. 10146 (SHS), 2006 WL 1643110, at *2 (S.D.N.Y. June 13, 2006).  It relies chiefly on Essar International Ltd. v. Martrade Gulf Logistics, No. 07 Civ. 3439 (WHP), 2007 WL 2456629 (S.D.N.Y. Aug. 23, 2007), but in that case the non-party stipulated that their attached funds "represented payment of a debt owed by [the named defendant]…and that the transaction had

been structured to circumvent the Attachment Order." Id. at *1. Absent that admission, the Court would have required the plaintiff to name the non-party as a defendant in order to maintain the attachment. Id. at *2-*3.

The present matter is also distinguishable from Hanjin Overseas Bulk Ltd. v. CPM Corporation Ltd., No. 08 Civ. 9516 (BSJ), 2008 WL 5429640 (S.D.N.Y. Dec. 22, 2008), on which Scotline also relies. In that case, the court maintained attachments of non-party funds based in large part upon allegations in the plaintiff's complaint that the non-parties were the named defendant's paying agents. See id. at *3-*4. Here, Scotline's Complaint is devoid of any such allegations against Hogla.

Hogla is not a party to this action. Scotline's assertions that the attached funds belong to the named Defendants, and are therefore properly attached, are arguments, not facts, and they are not supported by any allegations made in the Complaint. They are insufficient to show why Scotline's attachments should be maintained. Accordingly, Hogla's motion is GRANTED and the attachments of its funds are VACATED.

Dated: New York, New York
       August 3, 2009

SO ORDERED

*/s/ Paul A. Crotty*
PAUL A. CROTTY
United States District Judge

3